UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.                                                          CASE NO: 8:19-cr-324-T-36SPF

EULOGIO RAFAEL MARIN GONZALEZ
_____/

**DEFENDANT EULOGIO RAFAEL MARIN GONZALEZ'S
SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**

Defendant, Eulogio Rafael Marin Gonzalez, by and through the undersigned counsel, hereby files this Sentencing Memorandum and respectfully moves for a variance from the sentence recommended by the United States Sentencing Guidelines, and states as follows:

**I.     INTRODUCTION**

Mr. Marin Gonzalez will be before the Court for sentencing on Wednesday, January 8, 2020, at 11am.  The Presentence Report ("PSR") as calculated yields a guideline score of 87 to 108 months of imprisonment.  Mr. Marin Gonzalez seeks a variance based his personal circumstances and the facts of the case.  The following is a brief summary of his position before the Court:

**II.    PERSONAL BACKGROUND AND RELEVANT HISTORY**

Mr. Marin Gonzalez was born in Isla de Margarita, Nueva Esparta, Venezuela, on October 30, 1984, and is thirty-five (35) years old.  He grew up with eight (8) siblings, and his mother was a homemaker. And even though his father worked hard as a carpenter to support his large family, they still struggled financially.  After completing only the fifth grade, Mr. Marin Gonzalez was forced to quit school and began working as a fisherman to help to provide for his family.  He was close with his father until he unexpectedly lost him seven years ago. A work-related accident resulted in his father's instant death, after a broken piece of machinery lodged into his heart.

1

Several of Mr. Marin Gonzalez's siblings still live with their mother, as she has health issues related to a fall and, Mr. Marin Gonzalez's brother (Jose) is disabled and cannot walk.  His siblings assist to lift and care for Jose.  The Venezuelan government provided his mother and siblings with the house in which they currently reside.

Mr. Marin Gonzalez has been in a relationship for the past eight (8) years, and the couple have two (2) children together, ages eight (8) and five months.  He is the sole provider for his family, and his partner is unable to adequately support the children in his absence. Moreover, he is worried that his son is no longer attending school.  Prior to his arrest, he was also the sole provider for his mother, unemployed siblings and disabled sibling. Mr. Marin Gonzalez's family is aware of his arrest and, while they are upset and concerned, remain supportive.

Mr. Marin Gonzalez had been working on a large fishing boat; however, the boat needed major repairs, prompting unemployment for a period of nine (9) months immediately preceding his arrest. During that time, he sought work but could not find a job elsewhere.  Extreme financial hardships and desperation to support his family led Mr. Marin Gonzalez to the poor decisions he made, resulting in his current placement before the Court.

Mr. Marin Gonzalez, along with seven (7) codefendants, were detained on July 31, 2019 after cocaine was discovered aboard their vessel.  On August 7, 2019, Mr. Marin Gonzalez was indicted for conspiracy to distribute and possession with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46 U.S.C. sections 70503(a) and 70506(a) and (b), and Title 21 U.S.C. sections 906(b)(1)(B)(ii). [Dkt. #1].  Mr. Marin Gonzalez was arraigned on August 9, 2019 and detention was ordered. [Dkt. #34 and #43].

Mr. Marin Gonzalez was one of the first defendants to enter a plea in this matter [Dkt. #75], and on October 7, 2019, a change of plea hearing was held before Judge Flynn.  He pleaded guilty to

Count I of the Indictment charging conspiracy to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46 U.S.C. sections 70503(a) and 70506(a) and (b), and Title 21 U.S.C. sections 906(b)(1)(B)(ii).

### III.  SENTENCING GUIDELINES

The PSR, applying the 2018 Guidelines Manual, calculated a Total Offense Level of 29 resulting in an advisory range of 87-108 months incarceration.  Mr. Marin Gonzalez's criminal history category is I.  He received a two-level reduction pursuant to USSG 2D1.1(b)(18) as he met the criteria set forth in subdivisions (1)-(5) of USSG §5C1.2.  Moreover, he received a three-level reduction for acceptance of responsibility.

### IV.  MOTION FOR VARIANCE

Due to the personal history and circumstances of Mr. Marin Gonzalez and facts of this case, he respectfully requests this Honorable Court impose a sentence below his advisory guideline range.  As this Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. United States v. Booker, 543 U.S. 220, 245-267 (2005).  The United States Supreme Court in Booker gave judges the flexibility to use the sentencing range produced by the Guidelines as a "starting point" or "initial bench mark."  Gall v. United States, 552 U.S. 38, 49 (2007).

Moreover, in United States v. Talley, 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-Booker, advisory Sentencing Guidelines era.  "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." Id. at 786.  Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense

3

and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. Id. See also 18 U.S.C. §3553(a). "The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

In the instant case, a sentence below the guideline range is appropriate and reasonable and would afford adequate deterrence. This incident was nonviolent, Mr. Marin Gonzalez's criminal history category is I, and he took immediate responsibility for his conduct. A sentence below the guideline range would accomplish the goals of §3553(a) and reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Should Mr. Marin Gonzalez be sentenced to a term of imprisonment, he would like to continue his education and learn English. Moreover, he requests vocational training in the areas of construction, carpentry, and mechanics. He is hopeful he will have the opportunity to work while incarcerated in order to send money to his family in Venezuela.

**V.  CONCLUSION**

Based on the circumstances set forth above, a variance from the advisory guideline range should be considered in this case. It is respectfully suggested that the Court should exercise its discretion and impose a sentence below the advisory guideline range.

DATED this 29th day of December 2019.

          Respectfully submitted,

          */s/ Vanessa L. Albaum*
          Vanessa L. Albaum
          The Law Firm of Vanessa L. Albaum, PLLC
          Florida Bar No. 90849
          vanessa@vlalegal.com
          146 2nd St. N., Ste 310-C
          St. Petersburg, Florida 33701
          P: (727) 560-2410
          (F): (727) 265-1865

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Court using the CM/ECF system, December 29, 2019, which will automatically transmit an electronic copy to:

**AUSA Nicholas DeRenzo**

        By:   */s/ Vanessa L. Albaum*
                Vanessa L. Albaum